## Chris Peterson, Appellee, v. Municipal Engineering & Con= tracting Company, Appellant.

## Gen. No. 5520.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the evidence where not clearly and manifestly against its weight.

Action in case for personal injuries. Appeal from the Circuit Court of Lake county; the HON. R. W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911. *Certiorari* denied by Supreme Court (making opinion final).

COOKE, POPE & POPE, for appellant.

CLAIRE C. EDWARDS and JOHNSON & BELASCO, for appellee; JOEL BAKER, of counsel.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This is an action in case by Chris Peterson, an employe, against the Municipal Engineering and Contracting Company, the master, for personal injuries averred to have been sustained because of the negligence of the master. The declaration contains six counts. The first count avers that defendant operated a certain plant for the manufacture of machinery, and that the plaintiff was in the employ of the defendant as a machinist under defendant's orders; that in the performance of his duty and in the exercise of due care plaintiff was engaged in holding a square piece of iron known as a nut with a pair of pincers so that said nut might be struck by a certain hammer provided by defendant for another employe of defendant for the purpose of striking said nut; that defendant negligently furnished said other employe an unsafe hammer of

the weight of seventeen pounds and the head thereof was rounded instead of flat, so that said nut when struck by said hammer would fly into the air and that defendant knew the danger incident to using said hammer for said purpose and plaintiff did not; that said nut when struck by said hammer was caused to fly from said pincers by reason of said negligence of defendant and struck the eye of plaintiff causing the loss of said eye. The third count avers that plaintiff was ordered to assist in driving a key out of a certain drum and directed by defendant to hold a certain nut against said key with a pair of pincers provided by defendant for that purpose, and avers that defendant negligently provided a certain method of doing said work which was unusually dangerous, in that defendant used a certain hammer the face of which was rounded, which said danger was known to defendant and was not and could not have been known to plaintiff by the exercise of ordinary care. The fifth count avers that the method of doing the work as ordered to be done by defendant was unusual and dangerous, which danger was known to defendant and unknown to plaintiff, and the work was being done in obedience to the direct orders of defendant. The remaining counts are statements of the same negligence in different forms. Plaintiff recovered a verdict and a judgment for $1500 and the defendant appeals.

The only question presented is, does the evidence sustain the verdict and judgment, and was it error to refuse a peremptory instruction requested by appellant? The evidence shows that the appellee was employed by appellant as a machinist's helper and that appellee was directed by his foreman to drive a shaft out of a certain pulley wheel. The shaft was of steel about two feet long and one and 15-16 inches in diameter. The wheel was placed upon blocks so as to place the shaft perpendicular, and then by striking

the shaft it would be driven down and out of the wheel. Appellee was attempting to do this with a small sledge weighing six or seven pounds when the foreman passed and told him he would never accomplish it in that way. The foreman then told appellee to take a pair of tongs and hold a nut on the end of the shaft and he the foreman would strike the nut with a sledge. The foreman got a heavy sledge and used it a few minutes and then sent another man to use the sledge. The nut that was used while the foreman was using the sledge had flattened out and appellee got another nut like it. At the second or third blow by the man, the foreman sent, the nut flew out of the tongs and struck appellee's left eye, destroying it.

The proof shows the face of the sledge was slightly rounded and that in hammering a shaft out of a wheel or pulley it is necessary to hold a smaller and softer piece of metal on the end of the shaft to keep it from becoming battered at the end; that the customary way is to use what is called a flatter which is a softer piece of metal with an iron rod wound around it for a handle so that the piece of metal when struck cannot fly away. The evidence shows that appellee had seen this kind of work done with a flatter but never before with a nut held by tongs the way the foreman ordered it done. It also shows that appellee protested against this way of doing the work and said it did not look good to him but the foreman said they were in a hurry and to do it that way. The foreman denied ordering the work done that way, but afterwards said he did not remember what his instructions were. The jury decided the facts in favor of appellee.

It was a question of fact whether the appellee was ordered by the foreman to do the work in the manner it was being done and whether such method was negligent. The jury have decided in favor of appellee, and the judgment is not excessive; and we see no reason

that will justify this court in saying it is not supported by the evidence. The judgment is affirmed.

*Affirmed.*